# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEROME E. MILKO, | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-02088-SEG |
| NATIONAL ASSOCIATION OF REALTORS, | |
| Defendant. | |

## DEFENDANT NATIONAL ASSOCIATION OF REALTORS'®
## BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................... 1

II.   SUMMARY OF ALLEGATIONS .............................................................. 1

III.  LEGAL STANDARD ............................................................................... 3

IV.   ARGUMENT ........................................................................................... 5

      A.    THIS COURT LACKS PERSONAL JURISDICTION OVER NAR .. 5

            1.   Plaintiff Cannot Establish Personal Jurisdiction Under
                 Georgia's Long-Arm Statute ..................................................... 6

            2.   Plaintiff Cannot Satisfy Constitutional Due Process ................. 9

            3.   Plaintiff Cannot Establish Personal Jurisdiction Under the
                 Sherman Act ........................................................................... 13

      B.    THE NORTHERN DISTRICT OF GEORGIA IS NOT A PROPER
            VENUE ............................................................................................ 15

      C.    PLAINTIFF FAILS TO STATE A SHERMAN ACT CLAIM ........ 15

            1.   Plaintiff Fails to Allege Antitrust Injury .................................. 16

            2.   Plaintiff Fails to Allege Market Power in a Properly Defined
                 Market .................................................................................... 18

            3.   Plaintiff Fails to Allege a Conspiracy to Restrain Trade ........ 21

      D.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST
            ENRICHMENT ................................................................................ 24

V.    CONCLUSION ....................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*ADA v. Cigna Corp.*,
    605 F.3d 1283 (11th Cir. 2010) ............................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................4, 17

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*,
    722 F. App'x 870 (11th Cir. 2018) ......................................................................11

*Bandy v. Move, Inc.*,
    No. 24-cv-10492, 2025 U.S. Dist. LEXIS 64459 (C.D. Cal. Mar. 3, 2025) ......11

*Baptista v. JPMorgan Chase Bank, N.A.*,
    640 F.3d 1194 (11th Cir. 2011) ..........................................................................25

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................4, 16

*Biodesix, Inc. v. Circulogene Theranostics, LLC*,
    No. 18-cv-01865, 2019 U.S. Dist. LEXIS 3926 (N.D. Ala. Jan. 9, 2019).........11

*Bouchard v. Matson Money, Inc.*,
    No. 1:21-CV-01238, 2021 U.S. Dist. LEXIS 262211 (N.D. Ga. Dec. 15, 2021) 4

*Brohm v. Nautic*, No. 18-cv-3995,
    2019 U.S. Dist. LEXIS 239184 (N.D. Ga. July 23, 2019) ...................................9

*Brown v. S. Fla. Fishing Extreme, Inc.*,
    No. 08-cv-20678, 2008 U.S. Dist. LEXIS 49452 (S.D. Fla. June 27, 2008) .....23

*Brunswick Corp. v. Pueblo Bowl-o-Matic, Inc.*,
    429 U.S. 477 (1977)............................................................................................16

*Burgin v. Lahaye*,
    No. 2:07-CV-1425, 2008 U.S. Dist. LEXIS 145929 (N.D. Ala. May 15, 2008*)*
    .............................................................................................................................12

*Campbell v. Bennett*,
No. 21-13875, 2022 U.S. App. LEXIS 14470 (11th Cir. May 26, 2022) ..........15

*Cargill, Inc. v. Monfort of Colo., Inc.*,
479 U.S. 104 (1986).....................................................................................16

*Cascade Aircraft Mgmt., LLC v. Velazco*,
913 S.E.2d 4 (Ga. Ct. App. 2025).....................................................................8

*CIBA Vision Corp. v. De Spirito*,
No. 09-cv-01343, 2010 U.S. Dist. LEXIS 11386 (N.D. Ga. Feb. 10, 2010) .....20

*City of Tuscaloosa v. Harcros Chems., Inc.*,
158 F.3d 548 (11th Cir. 1998) ...........................................................................21

*Courboin v. Scott*,
596 F. App'x 729 (11th Cir. 2014) ......................................................................6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...........................................................................................5

*Data Rsch. & Handling, Inc. v. Vongphachanh*,
310 F. Supp. 3d 956 (N.D. Ind. 2018) ..............................................................11

*Davis v. LG Chem, Ltd.*,
849 F. App'x 855 (11th Cir. 2021) ..................................................................6, 8

*Day v. Taylor*,
400 F.3d 1272 (11th Cir. 2005) ..........................................................................4

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
593 F.3d 1249 (11th Cir. 2010) ........................................................................11

*Duty Free Ams., Inc. v. Estee Lauder Cos.*,
797 F.3d 1248 (11th Cir. 2015) ........................................................................19

*Dvoinik v. Rabl*,
No. 24-10753, 2024 U.S. App. LEXIS 25548 (11th Cir. Oct. 10, 2024).........3, 4

*Esslinger v. Endlink, LLC*,
No. 22-cv-153, 2023 U.S. Dist. LEXIS 101329 (N.D. Ga. Apr. 13, 2023) .......12

*Estrada v. Aldi, Inc.*,
    24-cv-01295, 2025 U.S. Dist. LEXIS 58193 (N.D. Ga. Mar. 28, 2025)............15

*Eytalis v. Realtors*,
    No. 24-cv-147, 2025 U.S. Dist. LEXIS 140578 (N.D. Tex. June 9, 2025)
    *R. & R. adopted*, No. 24-cv-147 (N.D. Tex. July 22, 2025)..............................24

*Findling v. Realcomp II, Ltd.*, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22,
    2018) .........................................................................................................17, 24

*Fla. Seed Co. v. Monsanto Co.*,
    105 F.3d 1372 (11th Cir. 1997) ..........................................................................16

*Ganda v. Yangtze Optical Fibre & Cable Co.*,
    No. 04-cv-1879, 2005 U.S. Dist. LEXIS 57717 (N.D. Ga. July 14, 2005)........10

*Goforit Entm't LLC v. Digimedia.com L.P.*,
    513 F. Supp. 2d 1325 (M.D. Fla. 2007).............................................................12

*Golf City, Inc. v. Wilson Sporting Goods Co.*,
    555 F.2d 426 (5th Cir. 1977) .............................................................................14

*Heinz v. Frank Lloyd Wright Found.*,
    762 F. Supp. 804 (N.D. Ill. 1991).......................................................................24

*In re Blue Cross Blue Shield Antitrust Litig.*,
    26 F. Supp. 3d 1172 (N.D. Ala. 2014)...............................................................13

*In re January 2021 Short Squeeze Trading Litig.*,
    No. 21-mdl-2989, 2022 U.S. Dist. LEXIS 86656 (S.D. Fla. May 12, 2022).....20

*In re SSA Bonds Antitrust Litig.*,
    420 F. Supp. 3d 219 (S.D.N.Y. 2019) ..........................................................13, 14

*IOU Cent., Inc. v. Big State Tire & Axle, Inc.*,
    No. 20-cv-200, 2020 U.S. Dist. LEXIS 211739 (N.D. Ga. Oct. 8, 2020)..6, 7, 10

*Jacobs v. Tempur-Pedic Intern., Inc.*,
    626 F.3d 1327 (11th Cir. 2010) .....................................................................18, 20

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*,
    466 U.S. 2 (1984).................................................................................................16

*Johnson v. Bayerische Motoren Werke AG*,
  No. 17-cv-2367, 2019 U.S. Dist. LEXIS 239684 (N.D. Ga. Nov. 22, 2019).....10

*Keller v. Greater Augusta Ass'n of REALTORS®*,
  760 F. Supp. 2d 1373 (S.D. Ga. 2011) ......................................................17, 21

*Koerner v. Mercer Univ.*,
  No. 24-cv-83, 2024 U.S. Dist. LEXIS 110192 (M.D. Ga. June 21, 2024) ........25

*L.A. Draper & Son v. Wheelabrator-Frye, Inc.*,
  735 F.2d 414 (11th Cir. 1984) ......................................................................19

*L.H. Equity Invs. LLC v. Wade*,
  No. 9-cv-80607, 2010 U.S. Dist. LEXIS 150922 (S.D. Fla. Mar. 29, 2010).....18

*LeVine v. Am. Mensa, Ltd.*,
  No. 19-cv-4023, 2020 U.S. Dist. LEXIS 267396 (N.D. Ga. Aug. 20, 2020).......9

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ....................................................................12

*Muhammad v. Nat'l Ass'n of Realtors*,
  No. 5:24-cv-5543, 2025 U.S. Dist. LEXIS 146714 (E.D. Pa. July 31, 2025)...21,
  23

*Nat'l Collegiate Athletic Ass'n v. Board of Regents of Univ. of Oklahoma*,
  468 U.S. 85 (1984)........................................................................................21

*Neenah, Inc. v. Mohawk Fine Papers, Inc.*,
  No. 18-cv-04870, 2019 U.S. Dist. LEXIS 83154 (N.D. Ga. Feb. 5, 2019) .........7

*Ohio v. Am. Express Co.*,
  585 U.S. 529 (2018)......................................................................................20

*Paycargo, LLC v. CargoSpring, LLC*,
  No. 19-cv-85, 2019 U.S. Dist. LEXIS 195391 (N.D. Ga. Nov. 4, 2019)...........19

*PepsiCo, Inc. v. Coca-Cola Co.*,
  315 F.3d 101 (2d Cir. 2002) ..........................................................................18

*Pollard Banknote Ltd P'ship v. Sci. Games Int'l, Inc.*,
  No. 10-cv-621, 2011 U.S. Dist. LEXIS 162619 (N.D. Ga. July 19, 2011)........17

*Pounds v. Kenda Rubber Indus. Co.*,
No. 1:18-cv-05092, 2020 U.S. Dist. LEXIS 258441 (N.D. Ga. Feb. 25, 2020) ..7

*QSGI, Inc. v. IBM Global Fin.*,
No. 11-cv-80880, 2012 U.S. Dist. LEXIS 49601 (S.D. Fla. Mar. 13, 2012).....22

*Ridgeline Cap. Partners, LLC v. MidCap Fin. Serv.*, LLC,
340 F. Supp.3d 1364 (N.D. Ga. 2018)...............................................................25

*Riley v. Donatelli*,
No. 16-cv-898, 2017 U.S. Dist. LEXIS 122632 (M.D. Fla. Aug. 3, 2017) .......15

*Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*,
723 F. App'x 871 (11th Cir. 2018)..............................................................11, 12

*Serveco N. Am., LLC v. Bramwell*,
No. 22-cv-140, 2023 U.S. Dist. LEXIS 45886 (N.D. Ga. Mar. 20, 2023)...........9

*Sheridan v. Marathon Petrol. Co. LLC*,
530 F.3d 590 (7th Cir. 2008) ............................................................................20

*Somerson v. World Wrestling Entm't, Inc.*,
956 F. Supp. 2d 1360 (N.D. Ga. 2013)................................................................5

*Stone v. Ocwen Loan Servicing, LLC*,
No. 17-cv-668, 2017 U.S. Dist. LEXIS 214127 (N.D. Ga. Oct. 19, 2017)........21

*Thermolife Int'l v. Hi-Tech Pharms.*,
No. 15-cv-892, 2019 U.S. Dist. LEXIS 238183 (N.D. Ga. Nov. 1, 2019).........19

*Thompson v. Metro Multi-List, Inc.*,
934 F.2d 1566 (11th Cir. 1991) ........................................................................23

*To Your Door Med., Inc. v. Shamrock Mktg. Co.*,
No. 21-cv-61293, 2022 U.S. Dist. LEXIS 239254 (S.D. Fla. Jan. 18, 2022) ....14

*Transmax Prods., LLC v. Swartzberg*,
No. 1:19-cv-03568, 2020 U.S. Dist. LEXIS 156551 (N.D. Ga. Aug. 28, 2020)25

*United Am. Corp. v. Bitmain, Inc.*,
530 F. Supp. 3d 1241 (S.D. Fla. 2021)..............................................................18

*United States v. Scophony Corp. of Am.*,
   333 U.S. 795 (1948)................................................................................13

*W. World Ins. Co. v. Narconon of Ga., Inc.*,
   No. 12-cv-2117, 2014 U.S. Dist. LEXIS 206003 (N.D. Ga. May 6, 2014) .........8

*Walden v. Fiore*,
   571 U.S. 277 (2014)................................................................................10

*Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*,
   746 F. Supp. 3d 1342 (M.D. Fla. 2024)..............................................16

## STATUTES AND RULES

15 U.S.C. § 22 ...............................................................................13, 15

28 U.S.C. § 1391 ...................................................................................15

Federal Rule of Civil Procedure 12(b)...............................................1, 16

Ga. Code Ann. § 9-10-91 .........................................................................6

Sherman Act § 1 ..........................................................................18, 21, 24

## MISCELLANEOUS

REALTORS®, https://www.car.org/-/media/CAR/Documents/Your-
   CAR/PDF/Member-Dues-and-Benefits/2023-Frequently-Asked-Questions.pdf
   ............................................................................................2, 21, 23

REALTORS®, https://www.nar.realtor/about-nar/policies/the-three-way-
   agreement#page-wrapper..................................................................2, 3

Defendant National Association of REALTORS® ("NAR") files this brief in support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 1, "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim), and respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

## I.    INTRODUCTION

Plaintiff, a member of NAR as well as REALTOR® Associations in Delaware and Maryland, brings this action against NAR vaguely asserting violations of law that are not supported by factual allegations.  As a threshold matter, the Complaint should be dismissed because this Court lacks jurisdiction over NAR and is not the proper venue for Plaintiff's action.  If the substance of Plaintiff's claims were to be considered, the Complaint fares no better.  Plaintiff overtly acknowledges *benefits* of the Three-Way Agreement that exists between REALTOR® associations at the national, state, and local levels, which include the use of NAR's REALTOR® trademark and the enforcement of NAR's Code of Ethics.  What Plaintiff does not do is allege facts supporting his claim that the Three-Way Agreement is an antitrust violation or has unjustly enriched NAR.  For these reasons, as set forth below, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## II.    SUMMARY OF ALLEGATIONS

On April 15, 2025, Plaintiff, a real-estate broker, filed a Complaint in this

Court against NAR.  Plaintiff alleges that he is a dues-paying member of the National Association of REALTORS®, Coastal Association of REALTORS®, Maryland Association of REALTORS®, and/or Delaware Association of REALTORS®. Compl. ¶¶ 32–35.  Plaintiff alleges that he is a real estate broker in Georgia (*id.* ¶ 2), but does *not allege* that he is a member of an association in Georgia and no Georgia entity is named as a defendant.

NAR is a national trade organization that provides support to its members (including real estate brokers, agents, and others in the real estate industry) throughout the United States.  *Id.* ¶ 20.  Members of NAR are called "REALTORS®," which is NAR's registered trademark.  *Id.* ¶¶ 20, 26. REALTORS® must subscribe to a strict Code of Ethics.[1]  *Id.* ¶ 27.

The REALTOR® organization is a "federation" or a "union" of component REALTOR® organizations, which include NAR and state and local REALTOR® associations.[2]  The federation is formed by the "Three-Way Agreement," an operational structure that has been in place for over 100 years.  Under this structure, all local associations and their REALTOR® members are members of the state

---

[1] *Frequently Asked Questions*, National Association of REALTORS®, https://www.car.org/-/media/CAR/Documents/Your-CAR/PDF/Member-Dues-and-Benefits/2023-Frequently-Asked-Questions.pdf (cited in Compl. ¶ 44).
[2] *The Three-Way Agreement*, National Association of REALTORS®, https://www.nar.realtor/about-nar/policies/the-three-way-agreement#page-wrapper (cited in Compl. ¶ 29).

association of REALTORS® in the state where they are located as well as the National Association of REALTORS®.[3]  The Three-Way Agreement grants state and local associations the authority to use and control the REALTOR® trademark and requires state and local associations and their members to adhere to and enforce NAR's Code of Ethics.[4]  The federation and the agreement strengthen the REALTOR® organization and provide a framework for effective communication and efficient delivery of goods and services on the local, state, and national levels.[5]

Plaintiff alleges that NAR, through the Three-Way Agreement, requires "compulsory membership" in "multiple and duplicitous associations." Compl. ¶ 37. Plaintiff further asserts that NAR's and the state and local associations' and multiple listing services' (MLS) "adoption and enforcement of [NAR] rules, policies, and practices . . . reflect concerted action . . . ." *Id.* ¶ 43.  Plaintiff identifies blocked access to lockbox systems and MLSs (*id.* ¶¶ 47, 48, 64), but fails to plead facts describing how those services work or how NAR is involved with those services.

## III.  LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the initial burden of alleging "sufficient facts to make out a prima facie case of jurisdiction."  *Dvoinik v. Rabl*, No. 24-10753, 2024 U.S. App. LEXIS 25548, at

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

*3 (11th Cir. Oct. 10, 2024). Where a defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the burden shifts back to the plaintiff to provide evidence supporting jurisdiction." *Id.*

Likewise, when a defendant raises an objection to venue on a 12(b)(3) motion to dismiss, "the plaintiff has the burden of establishing that venue is proper." *Bouchard v. Matson Money, Inc.*, No. 1:21-cv-01238, 2021 U.S. Dist. LEXIS 262211, at *5 (N.D. Ga. Dec. 15, 2021). In assessing a venue, the Court "must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Id.*

To survive a motion to dismiss for failure to state a claim, there must be sufficient "specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also ADA v. Cigna Corp.*, 605 F.3d 1283, 1296 (11th Cir. 2010) (granting motion to dismiss where plaintiff "failed to sufficiently plead" the alleged behavior and therefore "failed to plausibly allege a conspiracy"). On a motion to dismiss, the Court can consider documents cited in a complaint when such documents are central to the plaintiff's claim and undisputed. *See, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276

-4-

(11th Cir. 2005); *Somerson v. World Wrestling Entm't,* Inc., 956 F. Supp. 2d 1360, 1364 n.1 (N.D. Ga. 2013) (incorporating websites cited in in plaintiff's complaint and authenticity was not challenged).

## IV.   ARGUMENT

Plaintiff fails to establish that this Court has personal jurisdiction over NAR or that venue is proper in this District.  Both of these failings are sufficient grounds for dismissal without analysis into the sufficiency of the factual allegations supporting Plaintiff's claims.  Nonetheless, Plaintiff's claims fail on that front as well.  The Complaint consists of conclusory statements and legal buzzwords that do not state a claim for relief under the Sherman Act or for unjust enrichment.

### A.   THIS COURT LACKS PERSONAL JURISDICTION OVER NAR

This Court has neither general nor specific personal jurisdiction over NAR. A corporation is subject to general jurisdiction only in two places: the "place of incorporation and principle place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014).   NAR is a corporation organized and existing under the laws of Illinois, with its headquarters in Chicago, Illinois.  *See* Declaration of Mark Birschbach In Support of Defendant's Motion to Dismiss, filed herewith ("Birschbach Decl.") ¶¶ 5, 6, 10–12, 16; *see also* Compl. ¶ 20 (NAR's principal place of business is in Chicago).  There is no general personal jurisdiction over NAR.

There is also no specific personal jurisdiction over NAR.  A federal court has

specific personal jurisdiction over a non-resident defendant if (1) the applicable state long-arm statute or a federal statute confer jurisdiction, and (2) the exercise of jurisdiction does not violate constitutional due process. *Courboin v. Scott*, 596 F. App'x 729, 732 (11th Cir. 2014). Plaintiff's claims against NAR do not arise from NAR's conduct in Georgia and therefore the state's long-arm statute does not reach NAR. Exercising jurisdiction over NAR would also violate due process.

### 1.    Plaintiff Cannot Establish Personal Jurisdiction Under Georgia's Long-Arm Statute

Georgia's long-arm statute "imposes independent obligations . . . that are distinct from the demands of procedural due process." *Davis v. LG Chem, Ltd.*, 849 F. App'x 855, 857 (11th Cir. 2021) (citation omitted). As applicable here, Georgia's long-arm statute reaches nonresidents only where the nonresident (1) transacts business in Georgia, (2) commits a tortious injury in Georgia, (3) commits a tortious injury in Georgia caused by an act or omission outside of Georgia, only when there are sufficient connections within the state, or (4) owned, used, or possessed real property within Georgia. Ga. Code Ann. § 9-10-91; *see IOU Cent., Inc. v. Big State Tire & Axle, Inc.*, No. 1:20-cv-200, 2020 U.S. Dist. LEXIS 211739, at *9 (N.D. Ga. Oct. 8, 2020). The second, third, and fourth grounds do not apply here (there are no tort allegations nor allegations that NAR has real property in Georgia). Thus the only ground Plaintiff could attempt to lean on is the first, but that, too, fails.

Plaintiff makes only two conclusory allegations related to these factors: one,

that NAR transacts business in the Northern District of Georgia "through the collection of dues" (Compl. ¶ 14), and two, that NAR "committed substantial acts in furtherance of an unlawful scheme in the United States, including this District," including vaguely that "relevant [NAR] agreements have routinely been adopted, applied, and enforced in this District" (*id*. ¶ 15; *see also id*. ¶ 12).  These allegations are insufficient to bring NAR within the jurisdiction of this Court.

Under Georgia law, Defendant "transacts business" under the long-arm statute if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of [Georgia] does not offend traditional fairness and substantial justice." *Big State Tire*, 2020 U.S. Dist. LEXIS 211739, at *10 (citation omitted).  Plaintiff cannot meet this test to establish that NAR "transacts business" in Georgia.

*First*, Plaintiff does not allege any transaction or acts that NAR has "purposefully done . . . or consummated" in Georgia.  *See Pounds v. Kenda Rubber Indus. Co.*, No. 1:18-cv-05092, 2020 U.S. Dist. LEXIS 258441, at *9 (N.D. Ga. Feb. 25, 2020) (dismissing case for lack of personal jurisdiction where the plaintiff did not allege that the defendant transacted business in Georgia but rather sold products to "middlemen for distribution to such end users"); *Neenah, Inc. v. Mohawk Fine Papers, Inc.*, No. 1:18-cv-04870, 2019 U.S. Dist. LEXIS 83154, at *7–13 (N.D. Ga.

Feb. 5, 2019) (finding the defendant did not "transact business" in Georgia even when they had an agreement with a Georgia plaintiff, employees that helped Georgia customers, and distributors of their product in Georgia).  NAR is not registered to do business in Georgia; has no offices or employees in Georgia; does not sell products in or target advertising at Georgia; and, contrary to Plaintiff's allegations, local associations collect dues in Georgia, not NAR.  Birschbach Decl. ¶¶ 6, 10–12, 15.  Nor does NAR's nationwide presence constitute "transacting business" in Georgia.  *See W. World Ins. Co. v. Narconon of Ga., Inc.*, No. 1:12-cv-2117, 2014 U.S. Dist. LEXIS 206003, at *8 (N.D. Ga. May 6, 2014) (dismissing complaint and finding no jurisdiction based on 50-state insurance policy).  Plaintiff  also states that "NAR . . . transacted business with the Plaintiff [in Georgia]."  Compl. ¶ 17.  But Plaintiff pleads no facts about any interaction between NAR and Plaintiff in Georgia.

*Second*, even if Plaintiff's vague allegations establish "transacting business," Plaintiff's claims do not arise from that business or any other Georgia-based conduct.  To establish jurisdiction over a non-resident, "a plaintiff must establish a connection between the defendant's contact with the state and the claims at issue."  *Davis*, 849 F. App'x at 857-58.  Plaintiff does not allege that he is a member of, or has paid dues to, *any local or state association in Georgia*.  *See* Compl. ¶¶ 28, 33–35, 54.  Thus, his claims arising out of dues payments do not stem from any Georgia-based transaction.  *Cascade Aircraft Mgmt., LLC v. Velazco*, 913 S.E.2d 4, 10 (Ga.

-8-

Ct. App. 2025) (holding no jurisdiction where defendant "did not actively seek out [plaintiffs'] business . . . in Georgia"); *LeVine v. Am. Mensa, Ltd.*, No. 1:19-cv-4023, 2020 U.S. Dist. LEXIS 267396, at *6 (N.D. Ga. Aug. 20, 2020) (holding no personal jurisdiction where plaintiff's claims "did not arise out of any of [defendant's] alleged business transactions in Georgia such as soliciting membership, collecting annual dues and providing services and benefits to Georgia members").

*Third*, personal jurisdiction under Georgia's long-arm statute would offend "traditional fairness and substantial justice." This element is designed to protect "against jurisdiction arising 'solely from random, fortuitous, or attenuated contacts.'" *Serveco N. Am., LLC v. Bramwell*, No. 4:22-cv-140, 2023 U.S. Dist. LEXIS 45886, at *6 (N.D. Ga. Mar. 20, 2023) (citation omitted). Because Plaintiff alleges his injuries occurred due to his purchase of memberships in Delaware and Maryland (Compl. ¶¶ 28, 33, 54), there are no alleged contacts with Georgia, not even "attenuated" ones. *See Brohm v. Nautic*, No. 1:18-cv-3995, 2019 U.S. Dist. LEXIS 239184, at *12 (N.D. Ga. July 23, 2019) (holding no personal jurisdiction when defendant contacted Plaintiff in Georgia "since Plaintiff, only by happenstance, resides in Georgia" and thus a defendant's contact with him was "fortuitous").

### 2. Plaintiff Cannot Satisfy Constitutional Due Process

Jurisdiction over NAR is improper for the independent reason that Plaintiff

cannot satisfy due process under the U.S. Constitution. Plaintiff's only basis for jurisdiction are *his own* contacts with Georgia (Compl. ¶ 21), which do not confer jurisdiction over *NAR*. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State."). To establish constitutional due process, a plaintiff must plead: (1) that his claims "arise out of or relate to" the defendant's contacts with the forum; (2) that the non-resident defendant has "purposefully availed" itself of the privilege of doing business within the forum state, receiving the benefit of the forum state's laws; and (3) that the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Big State Tire*, 2020 U.S. Dist. LEXIS 211739, at *22–23. The plaintiff bears the burden of establishing the first two elements. *Johnson v. Bayerische Motoren Werke AG*, No. 1:17-cv-2367, 2019 U.S. Dist. LEXIS 239684, at *26 (N.D. Ga. Nov. 22, 2019).

*"Arise out of or relate to."* Plaintiff cannot show that his claims "arise from" NAR acts done in Georgia, as explained above. *See Ganda v. Yangtze Optical Fibre & Cable Co.*, No. 1:04-cv-1879, 2005 U.S. Dist. LEXIS 57717, at *14 (N.D. Ga. July 14, 2005) (dismissing claims where cause of action did not arise from Georgia acts). The inquiry can end here.

*"Purposeful availment."* But even should the Court move to the second

-10-

element, Plaintiff's conclusory allegations about NAR activity in Georgia do not show purposeful availment. *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 881 (11th Cir. 2018) (no purposeful availment where defendant "did not solicit business in Florida" and "had no direct contact with [plaintiff] in Florida"); *Data Rsch. & Handling, Inc. v. Vongphachanh*, 310 F. Supp. 3d 956, 968 (N.D. Ind. 2018) (granting dismissal because "NAR's contacts with [the forum], both in terms of its general activities and its specific conduct [], are not 'constitutionally sufficient'"). Nor do Plaintiff's claims—which stem from out-of-state events—have any relation to NAR contacts in Georgia. *Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 876 (11th Cir. 2018) (no jurisdiction because the events giving rise to the litigation occurred outside of the state); *Biodesix, Inc. v. Circulogene Theranostics, LLC*, No. 2:18-cv-01865, 2019 U.S. Dist. LEXIS 3926, at *4 (N.D. Ala. Jan. 9, 2019) (finding lack of purposeful availment because "[e]ntering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test" (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc*., 593 F.3d 1249, 1268 (11th Cir. 2010)); *see also Bandy v. Move, Inc.*, No. 2:24-cv-10492, 2025 U.S. Dist. LEXIS 64459, at *11 (C.D. Cal. Mar. 3, 2025) (granting dismissal because NAR's "purported contacts . . . are unrelated to Plaintiffs' claims"). This, too, is sufficient basis to dismiss the Complaint.

*"Traditional notions of fair play and substantial justice."* Finally, to analyze whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice," courts consider "the burden on the defendant of litigating in the forum, the forum state's interest in adjudicating the dispute, the plaintiff's interest in convenient and effective relief, and the judicial system's interest in resolution of the dispute." *Esslinger v. Endlink, LLC*, No. 3:22-cv-153, 2023 U.S. Dist. LEXIS 101329, at *16–17 (N.D. Ga. Apr. 13, 2023) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir. 2013)).

Litigating in this district is burdensome because NAR is not based in Georgia, does not have employees in Georgia, and does not have offices in Georgia (Birschbach Decl. ¶¶ 5-7). *See Goforit Entm't LLC v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1334–35 (M.D. Fla. 2007) (finding that burden "of defending the case [in Florida] would not, despite modern technology, be insubstantial").

Nor has Plaintiff pled facts suggesting that Georgia would have a strong interest in adjudicating a case where all of the alleged conduct took place outside the state. *See Rowe*, 2016 U.S. Dist. LEXIS 193435, at *14 (dismissing a case for lack of personal jurisdiction where "Georgia has a minimal interest in adjudicating" a dispute in which "far more of the relevant conduct occurred elsewhere"). And Plaintiff's interest in convenient relief does not lie in Georgia, but rather in Maryland or Delaware (Compl. ¶ 2). *Burgin v. Lahaye*, No. 2:07-CV-1425, 2008 U.S. Dist.

-12-

LEXIS 145929, at *5 n.5, 7 (N.D. Ala. May 15, 2008*)* (dismissing the plaintiff's claims for lack of personal jurisdiction where the plaintiff's allegations occurred in a state other than where plaintiff tried to establish jurisdiction).

### 3.    Plaintiff Cannot Establish Personal Jurisdiction Under the Sherman Act

Plaintiff also cites 15 U.S.C. § 22 (Compl. ¶¶ 14, 18)—the provision of the Clayton Act that provides for nationwide service of process for Sherman Act claims—which provides that "[a]ny suit, action, or proceeding under the antitrust laws against a corporation may be brought . . . in any district wherein it may be found or transacts business."   But like the analysis under traditional personal jurisdiction principles,  NAR is not "found" and does not "transact[] business" in this District within the meaning of the statute.   *See In re Blue Cross Blue Shield Antitrust Litig.*, 26 F. Supp. 3d 1172, 1195-1196 (N.D. Ala. 2014) (following "majority view" that 15 U.S.C. § 22 creates personal jurisdiction only if plaintiffs satisfy its venue provision).

As the Supreme Court recognized, "transacts business" should be construed as "'the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character.'"  *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948); *see also In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 230 (S.D.N.Y. 2019) (holding "minimal allegations" of transacting business insufficient to establish venue).  "For a defendant to transact business of a

'substantial character' there must be 'some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district.'" *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. at 230 (internal quotations omitted).

Plaintiff's bald conclusion that NAR "transacts business" and "routinely adopted, applied, and enforc[ed]" the "relevant NAR agreements" within Georgia does not meet this standard. *Id.* at 231 (noting that allegations did "not provide factual corroboration" for asserted transactions making allegations "the type of legal conclusion couched as factual allegation that courts need not accept as true" (internal citations and quotations omitted)); *see also To Your Door Med., Inc. v. Shamrock Mktg. Co.*, No. 21-cv-61293, 2022 U.S. Dist. LEXIS 239254, at *11 (S.D. Fla. Jan. 18, 2022) (finding that the plaintiff's statement that the defendant sold some product in Florida was insufficient to establish "that Defendant transacts business" with continuity in Florida). That some NAR members are located in Georgia and NAR derives some revenue from this District (Compl. ¶ 14), is not sufficient. *Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426, 437–38 (5th Cir. 1977) ("[A] professional association does not 'transact business' in a judicial district merely because some of its members reside in the district and receive the association's publications there."). The Complaint should be dismissed for lack of personal jurisdiction.

-14-

## B.    THE NORTHERN DISTRICT OF GEORGIA IS NOT A PROPER VENUE

The paltry allegations underlying the Complaint's jurisdictional defects also require dismissal based on improper venue under 15 U.S.C. § 22 (as discussed above) and 28 U.S.C. § 1391(b), (c), and (d) (Compl. ¶ 18); *Riley v. Donatelli*, No. 3:16-cv-898, 2017 U.S. Dist. LEXIS 122632, at *19, 35 (M.D. Fla. Aug. 3, 2017).

Venue here is not proper under § 1391(b)(1), which provides that venue may lie in "a judicial district in which any defendant resides." NAR does not "reside" in the Northern District of Georgia (*supra* § A), where personal jurisdiction is lacking. *See* 28 U.S.C. § 1391(c), (d); *Estrada v. Aldi, Inc.*, No. 1:24-cv-01295, 2025 U.S. Dist. LEXIS 58193, at *11 (N.D. Ga. Mar. 28, 2025). Nor does Section 1391(b)(3) confer jurisdiction because the action can be brought in another venue.

Finally, venue is not proper under § 1391(b)(2) since this District is not where "'a substantial part of the events or omissions giving rise to the claim occurred.'" *Campbell v. Bennett*, No. 21-cv-13875, 2022 U.S. App. LEXIS 14470, at *2–3 (11th Cir. May 26, 2022) (quoting 28 U.S.C. § 1391(b)) (affirming dismissal where neither defendants nor alleged events were connected to the District). Plaintiff cannot show that "a substantial part of the events or omissions giving rise to the claim occurred" in this District (e.g., Compl. ¶¶ 2, 54); *supra* § A.1. Venue is thus improper.

## C.    PLAINTIFF FAILS TO STATE A SHERMAN ACT CLAIM

Plaintiff's claims under the Sherman Act (Count I) should be dismissed

because the claims are supported only by vague and conclusory allegations that do not satisfy Federal Rule of Civil Procedure 12(b)(6) or *Twombly*, 550 U.S. at 558. Plaintiff likewise fails to plead fundamental requirements of a Sherman Act claim: harm to competition, relevant market, market power, and exclusionary conduct. The absence of any one of these elements is sufficient to dismiss the Sherman Act claim in its entirety, but Plaintiff falls short on each.

### 1.    Plaintiff Fails to Allege Antitrust Injury

A plaintiff bringing an antitrust claim must establish antitrust standing which is "antitrust injury," or injury "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Fla. Seed Co. v. Monsanto Co.*, 105 F.3d 1372, 1374 (11th Cir. 1997) (quoting *Brunswick Corp. v. Pueblo Bowl-o-Matic, Inc.*, 429 U.S. 477, 489 (1977)); *see also Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110 n.5 (1986). Antitrust injury must arise from "harm to competition in a relevant market." *Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d 1342, 1352, 1355 (M.D. Fla. 2024).

Plaintiff's allegation that he is harmed by being forced to pay membership dues to three trade associations (*see* Compl. ¶ 12), is insufficient because it shows injury only to himself. *See Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 16 (1984) (holding that if only a "single purchaser were 'forced' with respect to the purchase of a tied item" that "would not be sufficient to warrant the concern of

antitrust law"); *Findling*, 2018 U.S. Dist. LEXIS 47082, at *7–8 (E.D. Mich. Mar. 22, 2018) ("Although plaintiffs assert standing on the basis that they were forced to purchase an unwanted product—membership in a local REALTOR® association—such 'harm' does not constitute 'antitrust injury' necessary for standing.").

Moreover, Plaintiff alleges that the Three-Way Agreement "has also insulated [NAR and state and local REALTOR® associations] from competition for real estate trade association membership." Compl. ¶ 50; *see also id.* ¶ 60 (claiming that "no other professional associations can compete with Defendants [sic]"). But this is where Plaintiff's allegations on this point begin and end: Plaintiff does not plead any facts about "other professional associations," leaving unsaid, e.g., what associations, where they operate, or how Defendants' conduct excluded from any relevant market. Plaintiff cannot just make "threadbare recitals" and "conclusory statements" that there would be competition, he must allege some facts showing how that is plausible. *See Iqbal*, 556 U.S. at 678; *Pollard Banknote Ltd P'ship v. Sci. Games Int'l, Inc.*, No. 10-cv-621, 2011 U.S. Dist. LEXIS 162619, at *12–13 (N.D. Ga. July 19, 2011) (granting motion to dismiss where connection between alleged conduct and alleged injury was purely speculative); *Keller v. Greater Augusta Ass'n of REALTORS*®, 760 F. Supp. 2d 1373, 1378 (S.D. Ga. 2011) (holding that allegations that "recount personal grievances about harm to his own business and not about the negative consequences to competition in the market" were

insufficient).  Without antitrust injury, Plaintiff's Sherman Act claim fails.

### 2.    Plaintiff Fails to Allege Market Power in a Properly Defined Market

Section 1 of the Sherman Act requires a plaintiff to plead relevant product and geographic markets and that the defendant has power in that market.  *E.g.*, *United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1269 (S.D. Fla. 2021) (dismissing complaint with prejudice where plaintiff failed to plausibly allege a relevant market). A plaintiff must "present enough information in their complaint to plausibly suggest the contours of the relevant geographic and product markets" to survive a motion to dismiss. *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1336 (11th Cir. 2010). Plaintiff states that NAR has harmed "free market fair competition" (Compl. ¶ 51) but does not further identify or support the "market" to which he refers.

***Product Market.***  Plaintiff must plead facts showing "products that have reasonable interchangeability for the purposes for which they are produced—price, use and qualities considered." *L.H. Equity Invs. LLC v. Wade*, No. 9-cv-80607, 2010 U.S. Dist. LEXIS 150922, at *8 (S.D. Fla. Mar. 29, 2010) (quoting *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002).  Plaintiff does not.  Plaintiff makes vague and general references to "the market for real estate services" (Compl. ¶ 20), "real estate market" (*see, e.g.*, *id.* ¶¶ 6, 8, 38), and the "real estate professional association market" (*id.* ¶ 57), without any factual allegations about the contours of the market.   For example, Plaintiff does not explain what products are

-18-

interchangeable with the products in his alleged markets.  Because Plaintiff has not alleged a plausible relevant product market in this case, dismissal is appropriate. *See, e.g.*, *Paycargo, LLC v. CargoSpring, LLC*, No. 19-cv-85, 2019 U.S. Dist. LEXIS 195391, at *8 (N.D. Ga. Nov. 4, 2019) (granting motion to dismiss where plaintiff failed to plausibly allege a relevant product market).

> **Geographic Market.**  Factual allegations supporting geographic market must establish "the area of effective competition in which a product or its reasonably interchangeable substitutes are traded." *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1263 (11th Cir. 2015) (quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 423 (11th Cir. 1984)).  Plaintiff's only reference to a geographic market is that "[t]he geographic coverage of the MLS serving an area normally establishes the geographic market in which competition among brokers occurs."  Compl. ¶ 40.  There are no allegations about any specific MLS or area to which this allegation pertains.  This failing is exacerbated by the inherent contradiction that Plaintiff alleges he is a broker in Georgia, but is a member of REALTOR® associations in Maryland and Delaware—not Georgia.  *Id*. ¶ 28. Plaintiff's inability to define the contours of the geographic market requires dismissal. *See Thermolife Int'l v. Hi-Tech Pharms.*, No. 15-cv-892, 2019 U.S. Dist. LEXIS 238183, at *33–34 (N.D. Ga. Nov. 1, 2019) (granting motion to dismiss where plaintiff offered only "conclusory allegation[s]" on relevant geographic

markets which did not "sufficiently define a distinct market, with a specific set of geographical boundaries . . . ." (internal citations omitted)).

**Market Power.**  Without a relevant market, there is no need to assess market power as there is no market in which to assess it.  *See Jacobs*, 626 F.3d at 1339 (11th Cir. 2010) (holding that in order to allege potential harm to competition, plaintiff had to "define the relevant market and establish that the defendants possessed power in that market" (internal citations omitted)); *In re January 2021 Short Squeeze Trading Litig.*, No. 21-mdl-2989, 2022 U.S. Dist. LEXIS 86656, at *89 (S.D. Fla. May 12, 2022) (holding that "[w]ithout a definition of [the relevant] market there is no way to measure a defendant's ability to lessen or destroy competition" (quoting *Ohio v. Am. Express Co.*, 585 U.S. 529, 543, (2018))).

To the extent Plaintiff attempts to establish market power through the allegation that NAR has a "monopoly over the word REALTOR®" (*id.* ¶ 72), having a trademark does not make the holder of that mark a monopolist.  *See CIBA Vision Corp. v. De Spirito*, No. 09-cv-01343, 2010 U.S. Dist. LEXIS 11386, at *21-22 (N.D. Ga. Feb. 10, 2010) (granting motion to dismiss because the existence of a trademark does not itself establish a monopoly); *Sheridan v. Marathon Petrol. Co. LLC*, 530 F.3d 590, 595 (7th Cir. 2008) ("[A] trademark does not confer a monopoly; all it does is prevent a competitor from attaching the same name to his product."). Plaintiff therefore fails to allege that NAR has market power in any market.

-20-

### 3.    Plaintiff Fails to Allege a Conspiracy to Restrain Trade

Only agreements that restrain trade are unlawful under Section 1 of the Sherman Act. *Nat'l Collegiate Athletic Ass'n v. Board of Regents of Univ. of Oklahoma*, 468 U.S. 85, 98 (1984); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 569 (11th Cir. 1998). Under Section 1, a plaintiff must plead "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Stone v. Ocwen Loan Servicing, LLC*, No. 17-cv-668, 2017 U.S. Dist. LEXIS 214127, at *15 (N.D. Ga. Oct. 19, 2017). Here, Plaintiff must plausibly plead that the Three-Way agreement unreasonably restrained trade under the rule of reason. *See, e.g.*, *Keller*, 760 F. Supp. 2d at 1379 (holding that complaint alleging harm resulting from rules imposed by local association of REALTORS® is an "[a]lleged restraint of trade [that] is evaluated under a flexible, case-by-case standard called the 'rule of reason'"); *Muhammad v. NAR*, No. 5:24-cv-5543, 2025 U.S. Dist. LEXIS 146714 at *10 (E.D. Pa. July 31, 2025) (assessing plaintiff's burden under the rule of reason "necessarily involves an inquiry into the actual effect of the challenged conduct on competition"). Plaintiff has not done so.

The Three-Way Agreement enables NAR, state, and local associations to provide reliable and cohesive services to members,[6] consistent use and enforcement

---

[6] *Frequently Asked Questions*, National Association of REALTORS®, https://www.car.org/-/media/CAR/Documents/Your-CAR/PDF/Member-Dues-and-Benefits/2023-Frequently-Asked-Questions.pdf (cited in Compl. ¶¶ 44, 45).

of NAR's Code of Ethics, and through which more organizations can lawfully use the REALTOR® trademark.  *Supra* § I.  The Complaint never squares these facts with the inconsistent theory that the Three-Way Agreement restrains competition.

Plaintiff generally asserts, without facts, that NAR has engaged in a conspiracy to restrain trade "by using the Three-Way Agreement to suppress competitors."  Compl. ¶ 55; *see also id*. ¶ 60.  At best, Plaintiff alleges that NAR would have to compete with state and local associations but for the Three-Way Agreement.  *Id*. ¶ 50.  But this, too, is a conclusion.  Plaintiff does not allege that these associations provide overlapping services, that *national, state,* and *local* associations are competitors in the same market, or any other facts that would support that the alleged conduct restrains competition among REALTOR® associations.  *See QSGI, Inc. v. IBM Global Fin.*, No. 11-cv-80880, 2012 U.S. Dist. LEXIS 49601, at *7 (S.D. Fla. Mar. 13, 2012) (finding the plaintiff failed to allege harm to competition where the plaintiff did not allege "how many competitors are in the purported . . . market; the strength of any other competitor in the purported market; how other competitors were impacted, if at all").

And despite being a broker in Georgia but not a member of a state or local association in Georgia, Plaintiff also makes the bare statement that the Three-Way Agreement prevents "meaningful participation" in the real estate industry.  Compl. ¶¶ 2-3, 55-56.  "The real estate industry" is not a market Plaintiff plausibly alleges

was harmed, and the Three-Way Agreement does not bar non-members from practicing in the real estate industry, as the Complaint confirms.[7] Plaintiff concedes that "Real Estate Agents may sometimes participate in MLS's service offerings without [NAR membership] . . . ."  Compl. ¶ 49.  As to "real estate lockbox systems," Plaintiff does not plead facts about NAR's "control."  Compl. ¶¶ 47-48. Conclusory allegations "self-contradicted" by Plaintiff's complaint need not be accepted as true.  *Brown v. S. Fla. Fishing Extreme, Inc.*, No. 08-cv-20678, 2008 U.S. Dist. LEXIS 49452, at *5 (S.D. Fla. June 27, 2008).

Indeed, Plaintiff does not allege that MLSs in Georgia require association membership in order to access them.  And in light of Eleventh Circuit precedent, there is no such requirement.  *See Thompson v. Metro Multi-List, Inc.*, 934 F.2d 1566, 1579 (11th Cir. 1991) (reversing summary judgment in case involving allegations of tying association membership to MLS participating where material issues of fact existed concerning, *inter alia*, the relevant market, antitrust injury, and economic power *of the MLS*).  And while the Complaint does not appear to bring a tying claim, courts analyzing such claims as they involve MLS access have recently rejected claims that, like here, lack sufficient allegations to support such a theory. *See, e.g.*, *Muhammad*, 2025 U.S. Dist. LEXIS 146714, at *31-34 (holding that

---

[7] *Id.*; Compl. ¶ 28 (Plaintiff is not a member of a REALTOR® association in Georgia).

plaintiff did not meet his initial burden of showing that allegations of tying MLS membership to association membership produced anticompetitive effects within a relevant market); *Eytalis v. REALTORS®*, No. 7:24-cv-147, 2025 U.S. Dist. LEXIS 140578, at *19–21 (N.D. Tex. June 9, 2025) (dismissing claim alleging tying of association membership and MLS), *R. & R. adopted*, No. 7:24-cv-147 (N.D. Tex. July 22, 2025), ECF No. 7; *Findling*, 2018 U.S. Dist. LEXIS 47082, at *10 (holding that holding that allegations that defendants were REALTOR® organizations that provided MLS access was, "without more, is not a § 1 violation").  Plaintiff's drive-by statements regarding lockboxes and MLS access that lack any geographic context or allegations of markets relating to those products do not support an antitrust claim.

Finally, protecting one's trademark is not an antitrust violation (Compl. ¶ 55). *See Heinz v. Frank Lloyd Wright Found.*, 762 F. Supp. 804, 807 n.2 (N.D. Ill. 1991) ("A good faith effort to enforce trademark rights is not the type of conduct excluded by the Sherman Act.").  Plaintiff does not plausibly plead a Sherman Act violation.

### D.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's unjust enrichment claim (Count II) should be dismissed because Plaintiff does not plead facts supporting unjust enrichment under Georgia law. Unjust enrichment is an equitable remedy that applies when there is no legal contract, "but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought

to return or compensate for." *Transmax Prods., LLC v. Swartzberg*, No. 1:19-cv-03568, 2020 U.S. Dist. LEXIS 156551, at *29 (N.D. Ga. Aug. 28, 2020). Plaintiff's membership in NAR (Compl. ¶¶ 5–8) constitutes a contract precluding unjust enrichment. *See Koerner v. Mercer Univ.*, No. 24-cv-83, 2024 U.S. Dist. LEXIS 110192, at *11–13, 18 (M.D. Ga. June 21, 2024) (dismissing unjust enrichment claim due to "implied-in-fact contract").

But even if there were no contract, a successful unjust enrichment claim requires that "(1) a benefit was provided, (2) compensation for that benefit was not received, and (3) the failure to compensate renders the transaction unjust." *Ridgeline Cap. Partners, LLC v. MidCap Fin. Serv.*, LLC, 340 F. Supp.3d 1364, 1372 (N.D. Ga. 2018). Plaintiff has not alleged that he did not receive the services for which he paid a fee. *See Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011) (affirming dismissal because defendant rendered the challenged service). Plaintiff's focus on reporting concerning NAR's finances (Compl. ¶¶ 9, 10, 58-59) says nothing about the benefits conferred upon Plaintiff in exchange for his membership dues.

## V.    CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice, in its entirety.

Dated:  August 5, 2025

**DENTONS LLP**

*s/Mark G. Trigg*
Mark G. Trigg
Georgia Bar No. 716295
Sean M. Kirwin
Georgia Bar No. 318130

303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
mark.trigg@dentons.com
sean.kirwin@dentons.com

*Counsel for Defendant National*
*Association of REALTORS®*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rule 5.1(C).

This 5th day of August 2025.

/ s/*Mark G. Trigg*
Mark G. Trigg
Georgia Bar No. 716295

DENTONS US LLP
303 Peachtree Street, NE Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
mark.trigg@dentons.com

## **CERTIFICATE OF SERVICE**

I certify that on August 5, 2025, National Association of REALTORS®'
Motion to Dismiss Plaintiff's Complaint was electronically filed with the Clerk of
the Court using the CM/ECF system, which will serve all counsel of record.


*/s/Mark G. Trigg*
Mark G. Trigg
Georgia Bar No. 716295

*Counsel for Defendant National
Association of REALTORS®*